## LYLE *v.* VOGT.

Cancellation of Instruments—Mortgages—Fraud—Vendor and Purchaser—Notice.

Where owners of lot deeded it to building company for purpose of having apartment house erected thereon, and took back an unrecorded land contract which authorized the company to mortgage the premises up to certain amount, and provided that such mortgage should be a lien superior to owners' rights, fact that mortgagee had notice of owners' rights does not render mortgage void as to them, in absence of showing of fraud, but it is enforceable to extent of consideration actually paid, although building was never completed.

Appeal from Wayne; Lamb (Fred S.), J., presiding. Submitted October 23, 1929. (Docket No. 62, Calendar No. 34,561.) Decided March 6, 1930.

Bill by John B. Lyle and another against Edward Vogt, administrator of the estate of Fred Vogt, deceased, to set aside a mortgage. From a decree for plaintiffs, defendant appeals. Reversed.

*C. H. & G. H. Lehman,* for appellant.

McDONALD, J. The plaintiffs filed this bill to set aside a mortgage deed. On the 10th of June, 1926, they were the owners in fee of a lot in the city of Detroit, Michigan. They entered into an agreement with the National Building Corporation for the building of a six-family apartment house on their lot. In carrying out this agreement, they gave the National Building Corporation a warranty deed of the premises and took back a land contract. The deed was absolute in form and was recorded. The land contract was not recorded. It provided for the purchase of the premises by the plaintiffs at a consideration of $46,800, of which $12,000 was paid by conveyance of the lot and the balance of $34,800 was to be paid in monthly installments. The building agreement was not recorded. The three writings were executed at the same time and all were a part of one transaction. In financing the construction of the apartment house, the National Building Corporation procured a construction loan of $9,000 from Fred Vogt, which was secured by a mortgage on the premises. The mortgage was recorded. Building operations were begun, but before their completion, the building corporation became insolvent and went into bankruptcy. The plaintiffs filed a reclamation

petition in the bankruptcy proceedings, and by direction of the referee, the trustee in bankruptcy reconveyed the premises to them by quitclaim deed. The theory on which the plaintiffs claim the right to have the Vogt mortgage set aside is, that it was not given to secure the payment of any money used in the construction of the building, but was to secure a past indebtedness of the National Building Corporation amounting to $4,500, and that the balance of the $9,000 was charged as a bonus; and further, that Mr. Vogt took the mortgage with full knowledge of the plaintiffs' rights in the property. Mr. Vogt died before the commencement of this suit, and for that reason the action is against his administrator, who by answer has denied the allegations of the bill, and in a cross-bill asks for foreclosure of the mortgage. On the hearing the trial court found that the mortgage was void as to plaintiffs, and entered a decree setting it aside. The defendant has appealed.

Plaintiffs' contention that the purpose of defendant's mortgage was to secure past indebtedness of $4,500, and that the balance was bonus is not supported by any competent evidence. In disposing of the issue, the trial judge did not find bad faith in the giving and taking of this mortgage. He based his decision on the ground that the plaintiffs' deed to the National Building Corporation was in fact a mortgage, that the defendant's decedent had constructive notice of their rights in the property, and therefore his mortgage was taken subject to those rights, and is void as to them. In our view of the case, the facts found by the court may be conceded without materially affecting the issue. If the defendant's decedent had actual knowledge of the contents of the recorded contracts and of all the dealings between the plaintiffs and the National Build-

ing Corporation, that fact would not defeat his mortgage. If the land contract had been recorded, or if he had made inquiries of the plaintiffs, he would have learned that it expressly authorized the National Building Corporation to mortgage the premises for an amount not to exceed $34,800, and by its terms provided that such mortgage should be a first lien superior to the rights of the plaintiffs. Because of this provision in the land contract and the absence of any showing of fraud, the defendant's mortgage is good and should be enforced to the extent of the consideration actually paid. It does not appear from the evidence that the full amount of $9,000 was paid to the mortgagor. It was a construction loan, and the money was to be advanced as the work progressed. From checks introduced by the defendant, it was conclusively shown that various amounts totaling $7,140.86 were paid to the mortgagor for that purpose. In view of the facts, the trial court should have granted foreclosure in accordance with the prayer of the defendant's cross-bill. The decree entered is reversed, and a decree will be entered here. The defendant will have costs.

Wiest, C. J., and Butzel, Clark, Potter, Sharpe, North, and Fead, JJ., concurred.